# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4029

———————

| | |
|---|---|
| Lisa Clark, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| Mike Johanns,[1] Secretary of the | * |
| Department of Agriculture of | * |
| the United States of America, | * |
| | * |
| Appellee. | * |

———————

Submitted: June 12, 2006
Filed: August 28, 2006

———————

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Lisa Clark brought an action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging, *inter alia*, that her former employer, the United States Department of Agriculture ("USDA"), had discriminated against her on the basis of sex, and retaliated against her for participation in a protected activity. The district

---

[1]Mike Johanns is automatically substituted for his predecessor, Ann Veneman, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

court[2] granted summary judgment in favor of the USDA, and Clark appeals. We affirm.

## I.

According to the undisputed evidence, Lisa Clark was hired in August 1999 as a temporary, intermittent agricultural commodity aide with the Grain Inspection, Packers and Stockyards Administration division of the USDA in Jonesboro, Arkansas. Her appointment was limited to one year and 1,040 hours, to be renewed at the agency's discretion, and her work hours were to be "intermittent" and scheduled on an as-needed basis.

Clark presented evidence of behavior by her immediate supervisor, Bill Strickland, that could charitably be described as unprofessional. She testified that he once commented, in her presence, that she and other female employees were ugly, and that "he couldn't get any work out of the men" if the female employees "were pretty." Another time, he remarked to a male employee that the employee's food smelled like a female body part. There was evidence that Strickland had a nickname for part of his male anatomy and that he made statements of a sexual nature in front of female employees. An employee also testified about a comment by Strickland that he needed to hire "butch" females who were strong enough to perform difficult tasks.

On April 11, 2000, a male employee, Jackie Stevens, submitted an "EEO complaint against [his] first line supervisor, Bill Strickland, for sexual harassment." The letter indicated that on March 20, 2000, Stevens was assigned duty with Lisa Clark and reported to Strickland to receive an assignment. According to the letter, "Ms. Clark had just left the office when Mr. Strickland came into the lab and tried to

---

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

start a conversation with this sexist remark: 'I believe this is the smartest thing I've done yet, hiring these two ugly samplers. None of you guys want to stay with these two in those labs when the work is slow. I could not have gotten any of you to come in like this if I had hired a good looking blond.'" (J.A. at 76). Stevens reported that he told Strickland that he didn't want to hear any more, but that Strickland then turned and repeated the remark to another employee. When Stevens repeated that he did not want to hear "any of this," Strickland repeated the remark a third time to another employee.

Clark's employment situation changed in April 2000. Some employees used the intermittent USDA positions to supplement other employment, and in April 2000, Clark notified the USDA that she had accepted a full-time job, to begin April 9, that would limit her future availability. She gave written notice to Strickland that she would be completely unavailable to work from April 9 through May 6, and would thereafter be available to work only on Mondays from 7:00 a.m. to 4:00 p.m. or 8:00 a.m. to 5:00 p.m.

Clark testified that Strickland knew that she was actually available most days because she was only working nights at the other job. Strickland testified, however, that she told him that she would also be available to work "on some weekends." (J.A. at 298). After starting her other job, Clark worked three Saturdays: May 13, May 20, and May 27. Her temporary appointment with the USDA expired on August 15, 2000, and it was not renewed. Two career intermittent positions subsequently became available. Clark applied and was considered for one of the career positions, but she was not selected. In September, the USDA unexpectedly needed two additional temporary intermittent employees, but Clark did not apply for those positions.

In her suit against the USDA, Clark alleged that Strickland cut her hours and failed to renew her temporary employment in retaliation for the complaint filed by Jackie Stevens and because of Clark's sex. After discovery, the USDA moved for

summary judgment. The district court granted the motion. The court ruled that Clark's retaliation claim failed because she had not presented evidence that she had engaged in any protected activity. The court dismissed the sex discrimination claim after concluding that even if Clark had presented a *prima facie* case of sex discrimination, she had failed to rebut the USDA's proffered reason for not renewing her temporary appointment.

II.

We review the grant of a motion for summary judgment *de novo*, considering all facts and reasonable inferences in the light most favorable to the non-moving party. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1076 (8th Cir. 2006). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To survive summary judgment, a plaintiff who does not present direct evidence of discrimination must set forth a *prima facie* case of discrimination in order to shift the burden to the employer to produce a legitimate, nondiscriminatory reason for the employment action. *Quick v. Wal-Mart Stores, Inc.*, 441 F.3d 606, 610 (8th Cir. 2006); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Where the employer produces such a reason, it is the employee's burden to demonstrate that the proffered reason is pretext for unlawful discrimination. *Quick*, 441 F.3d at 610.

To establish a *prima facie* case of retaliation, Clark must demonstrate that she took part in a statutorily protected activity, that the USDA subsequently took adverse employment action against her, and that a causal connection exists between the protected activity and the adverse action. *Powell*, 445 F.3d at 1079. The district court concluded that it was "undisputed that Clark took no part in activity protected under Title VII," noting that Clark did not file a complaint or otherwise publicly oppose a discriminatory practice. Clark argues that Jackie Stevens's complaint should be

attributed to her, and that she therefore did "participate" in protected activity as the subject of Stevens's grievance.

We disagree. We have held that "a plaintiff bringing a retaliation claim under Title VII must establish that she *personally engaged* in the protected conduct." *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 819 (8th Cir. 1998) (emphasis added). Thus, while making a charge or opposing an unlawful employment practice is statutorily protected, *see* 42 U.S.C. § 2000e-3(a), an employee's status as an unknowing "subject" of someone else's grievance is not. In this case, moreover, Clark did not present evidence to show that Strickland even attributed to Clark the grievance filed by Stevens, which concerned an event that occurred outside Clark's presence. The district court thus did not err in granting summary judgment for the defendant on this claim.

Clark also argues that she presented a submissible case that her employment was not renewed because of her sex. The district court did not consider whether Clark had established a *prima facie* case of discrimination, concluding that even if she had, Clark could not show that the USDA's stated reason for failing to renew her term was pretextual. Reviewing this ultimate question, *see Riser v. Target Corp.*, No. 05-4147, 2006 WL 2370475, at *3 (8th Cir. Aug. 17, 2006), we agree with the district court that Clark cannot show the USDA's decision not to continue her employment was motivated by discriminatory animus.

The USDA pointed to several factors that led to Clark's nonrenewal. Strickland testified that Clark's limited Mondays-only work schedule was problematic, and that he initially suggested that she resign because of her commitment to her new full-time job, but that Clark indicated that she preferred to allow her appointment to expire. According to Strickland, Clark never indicated that she wanted to have her term renewed. Strickland and his manager, Clyde Steves, also testified that around the time that Clark's appointment expired, they made a decision to fill their intermittent

employment needs with two career intermittent employees, and to cut back on the number of temporary employees. Consistent with this testimony, the record demonstrates that the company renewed an appointment for only one of four temporary intermittent employees whose appointments expired in the fall of 2000.

Clark's evidence did not generate a genuine dispute concerning these legitimate reasons. She did not address the evidence that she failed to seek a renewed appointment, except to assert, without citation to the record, that her "desire for continued employment was known." (Pl.'s Statement of Material Facts in Dispute, R. Doc. 16, at 5). Even assuming she did express a desire to renew her appointment, Clark admits that she gave Strickland written notice that she could work only on Mondays. Some intermittent employees had seasonal obligations that restricted their ability to work at some points in the year, but Clark is not similarly situated to those persons. Clark had a year-round restriction on her availability for work, and she has not identified any other temporary intermittent employee in that situation. To the contrary, Strickland testified that during the time that Clark was employed by the USDA, she was the only temporary intermittent employee who had a full-time regular job. It is also undisputed that the USDA was reducing its number of temporary employees, and that Clark was one of three employees – including one male employee – whose appointments were not renewed.

Clark contends that the district court "failed to consider the hostile work environment toward women" when the court determined that she had not presented a submissible case of sex discrimination. But Clark filed no claim of sex discrimination based on an allegedly hostile work environment, and Strickland's boorish behavior does not tend to show that he was averse to continuing Clark's employment because she was a woman. The two comments by Strickland that relate to Clark suggest that Strickland regarded her as "ugly," but these remarks about appearance do not demonstrate an unwillingness to employ women. *See Kriss v. Sprint Communications Co.*, 58 F.3d 1276, 1281 (8th Cir. 1995). Under our

precedents, moreover, that Strickland was the individual who initially hired Clark as a woman also suggests that he was not motivated to discriminate against women when he later recommended that her appointment not be renewed. *Herr v. Airborne Freight Corp.*, 130 F.3d 359, 362-63 (8th Cir. 1997).

The judgment of the district court is affirmed.

_____